IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JERRY LAVON RAYBORN, #77251                                                                PLAINTIFF

VERSUS                                              CIVIL ACTION NO.  2:12-cv-55-KS-MTP

AMBER GRAHAM, JOHNNIE DENMARK,
CHRISTOPHER EPPS, HELEN SMITH, and
RON KING                                                                                                DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause comes before this Court, *sua sponte,* for dismissal.  Plaintiff, an inmate at the South Mississippi Correctional Institution (SMCI), Leakesville, Mississippi, files this complaint pursuant to 42 U.S.C. § 1983.  The Defendants are Amber Graham, Johnnie Denmark, Christopher Epps, Helen Smith, and Ron King.  Compl. [1].   Plaintiff seeks as relief that "this (10) year barrier [is] removed" so that he can work and attend vocational programs and that he is transferred to Stone County Correctional Facility.  *Id*. at p.4.

Background

Plaintiff states in his complaint [1] that on or about October 2011 he "verbally requested to be considered for employment."   The request was denied by Defendant Graham because Plaintiff has more than ten years to serve on his sentence.  Compl. [1] at p. 4.  Plaintiff complains that offenders who have less than ten years to serve are allowed to work and to participate in vocational programs.  *Id*.  Because work and participation in vocational programs is based on an offender's time to serve his sentence, Plaintiff asserts that his right to equal protection is being violated.

Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides  that "the court shall dismiss the case at any

time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.  As discussed below, Plaintiff's § 1983 action fails to assert a right that is recognized by federal law.[1]

In order to state an equal protection claim, Plaintiff is required to "allege that (1) he was treated differently than similarly situated individuals and (2) the unequal treatment stemmed from a discriminatory intent."  *Hymel v. Champagne*, 2007 WL 1030207, *2 n.2(E.D. La. Mar. 28, 2007)(citing *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001)).  In the instant civil action, Plaintiff argues that his rights under the Equal Protection Clause have been violated because he, along with other inmates who have more than 10 years to serve on their sentences, is not eligible to work or participate in vocational programs.  Plaintiff does not allege he is treated differently from other offenders with more than 10 years to serve on their sentences.  Moreover, there is no allegation that the refusal to assign Plaintiff to work or a vocational program was the result of a "discriminatory intent."  As such, Plaintiff's allegation simply does not rise to a level of constitutional deprivation.  *See Thompson v. Patteson*, 985 F.2d 202, 207 (5th Cir. 1993) (absent allegations of improper motive, mere claim of inconsistent outcomes in particular, individual instances furnishes no basis for relief).  Consequently, Plaintiff has failed to state a cognizable equal protection claim.

Furthermore, it is well settled that there is no federal constitutional right to participate in an educational or rehabilitative program.  *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) .

---

[1] A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law.  *See, e.g., Neitzke v. Williams*, 490 U.S. 319 (1989).

Additionally, there is no constitutional requirement that the state provide basic educational or vocational training to prisoners. *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988). Finally, Plaintiff does not have a constitutional right to work while incarcerated. *See Jackson v. Cain*, 864 F.2d 1235, 1247 (5th Cir. 1989).

## Conclusion

As discussed above, Plaintiff's equal protection and due process rights to work or attend vocational programs have not been violated under the allegations of the instant civil action. Plaintiff, therefore, cannot maintain the instant civil action and this complaint is dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i) with prejudice.

## Three-strikes provision

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike". *See* 28 U.S.C. § 1915(g). If Plaintiff receives "three strikes," he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A final judgment will be entered in accordance with this Memorandum Opinion and Order.

SO ORDERED this the <u>28th</u> day of September, 2012.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE